**UNITED STATES of America,
Appellee,**

v.

**Allen R. DAVISON, Appellant.**

**No. 10–2327.**

United States Court of Appeals,
Eighth Circuit.

Submitted: Dec. 29, 2010.

Filed: Jan. 31, 2011.

Allen R. Davison, Independence, MO,
pro se.

Bruce R. Ellisen, Kenneth W. Rosenberg, Tax Div., U.S. Dept. of Justice,
Washington, DC (John A. DiCicco, Acting
Asst. Atty. Gen., Washington, DC, Beth
Phillips, U.S. Atty., Kansas City, MO, of
counsel, on the brief), for appellee.

Before LOKEN, MURPHY, and
BENTON, Circuit Judges.

**[UNPUBLISHED]**

PER CURIAM.

The United States commenced this civil
action seeking to enjoin Allen Davison, a
certified public accountant and tax advisor,
from selling fraudulent tax shelters and
giving federal tax advice. After a lengthy
bench trial, the district court[1] entered an
order invoking its authority to take action
to enforce the federal tax laws, *see* 26
U.S.C. § 7402(a), and enjoining Davison
from creating, promoting, or selling certain tax schemes, and requiring him to
give the Internal Revenue Service (IRS)
information about his tax counseling practice. Davison appeals, arguing that the
government failed to prove it was entitled
to an injunction, and that the injunction
requiring Davison to disclose the names of
his tax clients to the IRS requires him to
breach fiduciary duties to his clients and
violates both his First Amendment right of
free speech and his clients' privacy rights.

After careful review, we conclude that
the district court did not abuse its discretion in issuing the injunction. The government presented substantial evidence supporting the district court's findings that
Davison knowingly created and promoted
numerous tax evasion schemes. The court
carefully considered and weighed the relevant factors that inform a district court's
decision whether to grant a permanent
injunction. *See Oglala Sioux Tribe v. C &
W Enters., Inc.,* 542 F.3d 224, 229 (8th
Cir.2008). Accordingly, the decision of the
district court and, with one exception, the
provisions of the permanent injunction are
affirmed.

The first sentence of the injunction enjoins Davison from promoting or selling
specific types of tax plans discussed in the
court's lengthy opinion and then adds, "or
any other illegal tax scheme, plan, or device, even if not specifically addressed
herein." This add-on proviso is not sufficiently specific because the term "illegal
tax scheme" is both vague and undefined.
*See* Fed.R.Civ.P. 65(d)(1)(B). The proviso
is also an injunction to obey the law that is
overbroad under general equitable principles. *See Jake's, Ltd., Inc. v. City of
Coates,* 356 F.3d 896, 904 (8th Cir.2004).
Accordingly, we remand with instructions
to replace this proviso with the term, "or
any other tax scheme, plan, or device that
involves the types of sham companies,

---

1. The Honorable Gary A. Fenner, United
   States District Judge for the Western District
   of Missouri.

sham contracts, or bogus deductions addressed herein."